IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DEYA ALDEEN KHAMIS AL RAJI, aka DIYA AL RAJI,  Petitioner, | § § § § | |
| v. | § § | Civil Action No. 4:17-CV-272-O |
| RODNEY W. CHANDLER, Warden, FMC-Fort Worth,  Respondent. | § § § § § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed on behalf of petitioner, Deya Aldeen Khamis Al Raji, also known as Diya Al Raji, a federal prisoner who was confined at FMC-Fort Worth at the time the petition was filed, against Rodney W. Chandler, warden of FMC-Fort Worth, Respondent. After considering the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for mootness.

**I. BACKGROUND**

On March 27, 2017, Petitioner was sentenced to time served by this Court for the offense of misprison of felony in violation of 18 U.S.C. § 4. J., United States v. Deya Al Raji, No. 4:16-CR-243-O, ECF No. 290. Petitioner asserts that he was informed thereafter that he was being held up to an additional 48 hours pursuant to a detainer request from the Department of Homeland Security Immigration and Customs Enforcement (ICE). Pet. 1, ECF No. 1. On March 30, 2017, Petitioner filed this federal habeas petition seeking release because more than 48 hours had passed after his incarceration pursuant to the ICE detainer and he had not been released. According to Petitioner, his continued detention by the Federal Bureau of Prisons (BOP) violates the Fourth Amendment and is

no longer in anyway authorized by 8U.S.C. § 1357(d). Pet. 1, ECF No. 1. Respondent filed a timely response, to which Petitioner did not file a reply within the time allowed.

## II. DISCUSSION

The detainer provision under 8 C.F.R. § 287.7(d) provides:

> Upon a determination by the Department to issue a detainer for an alien not otherwise detained by a criminal justice agency, such agency shall maintain custody of the alien for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by the Department.

8 C.F.R. § 287.7(d) (2011).

The United States Attorney's Office contends that on the morning of March 31, 2017, it was served the petition and show cause order on behalf of Respondent, but the BOP had released Petitioner to ICE custody before service was effected, rendering the petition moot. Resp't's Resp. 1, ECF No. 6. The Court agrees. Although an action "is not moot simply because a § 2241 petitioner is no longer in custody," it is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bur. of Prisons,* 220 Fed. App'x 256, 2007 WL 627580, at *1 (5th Cir. Feb. 22, 2007) (citing *Brown v. Resor,* 407 F.2d 281, 283 (5th Cir. 1969)); *Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir. 1987). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey,* 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke,* 150 Fed. Appx. 329, 2005 WL 2473569, at * (5th Cir. Oct.6, 2005) (citation omitted). Because Petitioner was released to ICE custody before service of the petition and show cause order, the Court could no longer provide Petitioner with the relief requested. Nor does

Petitioner allege that in the wake of his release to ICE custody he was and continues to be subject to future adverse consequences related to his petition. *Bailey,* 821 F.2d at 278.

### III. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED as moot. Also, for the reasons discussed, a certificate of appealability is DENIED as Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling.

**SO ORDERED** on this 26th day of April, 2017.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**